THE STATE *VS.* SAUNDERS.

1. An indictment for trading with a slave, which states that goods were bought from or sold to the slave, "without the consent of the owner or overseer of the slave"—is sufficient.

Error to Pickens Circuit court.

Indictment for trading with a slave, tried before *Chapman*, J.

This was an indictment preferred against the defendant, in the Circuit court of Pickens county, for trading with a slave.

The first count of the indictment charges that the defendant: "did buy of and from Dick, a negro man slave, the property of one Walter W. Gilkey,—two hundred pounds of cotton, for five dollars, without the consent of the master, owner or overseer of said slave, contrary," &c.

The second count charges the defendant with *receiving* the cotton from the slave, without the leave or consent of the master, owner or overseer, &c.

The defendant demurred to both counts of the indictment. The court sustained the demurrer to the second count, and overruled the demurrer to the first. There was a verdict and judgment against the defendant, but the judgment of the court overruling the demurrer to the first count, was reserved for the revision of this court, as a novel and difficult question, and is now assigned for error.

*Ellis*, for plaintiff in error.
*Attorney General*, contra.

ORMOND, J.—The offence described in this indict-ment, is created by statute : so much of the act as is per-tinent to the question, is in these words: " that no person whatsoever, shall buy, sell, or receive from any slave or slaves, any commodity, of any kind or description what-soever, without the leave or consent of the master, owner or overseer of such slave or slaves in writing, expressing the articles permitted to be bought, sold or bartered; or unless the master, owner or overseer of any such slave or slaves, shall personally authorise the same; and," &c. —(Aik. Dig. 396.)

There can be no doubt, that where an offence is cre-ated by statute, the statute contains a definition of the offence; and an indictment for such offence, must state it with certainty and precision, either in the words of the statute, (which is the safest and most proper mode,) or in equivalent language. If there be an exception in the statute creating the offence, the indictment must show negatively, that the defendant does not come with-in the exception.

The offence created by this statute, is buying from, or selling to slaves, without the consent of the owner or overseer of the slave, given either in writing or person-ally; and an indictment, to be good, under the statute, must charge the offence in both aspects—affirmatively and negatively—that the goods were bought from, or sold to the slave, and that neither the owner or overseer of the slave consented to the traffic.

It is contended by the counsel for the defendant, that the consent which, under the statute, is to legalise deal-ing with slaves, is not negatived in the indictment, inas-

The State *vs.* Saunders.

much as it is not stated that the consent which the statute requires, was not given either in writing or personally, by the owner, master or overseer.

But the indictment does deny that either the master, owner or overseer *consented* to the purchase by the defendant, of the cotton from the slave, and this charge the defendant could negative, and entitle himself to an acquittal, by proving a consent to deal with the slave, by the written permission of the owner or overseer of the slave, or by their consent given personally. It could, therefore, have subserved no purpose to allege in the indictment, that *consent* was not given in either of the modes pointed out in the statute, as the general allegation, that no consent was given, must include both modes of consenting.

It is supposed, by way of illustration, that if the charge in the indictment be so general, that the defendant might excuse himself by proving a consent not contemplated by the statute, and yet satisfy the averment in the indictment, that the indictment must be bad: such a case, it is supposed, would be presented, if the consent were given orally, by an agent of the master or owner,—which, it is said, was the predicament of this case in the court below, and that the evidence was rejected by the court. We are of opinion, that the evidence should have been received, and would have constituted a defence.

The act requires the consent of the master, owner or overseer, to be given either in writing or personally, but it was not intended by the Legislature to change the rules of evidence, which at common law, are the same in criminal as in civil cases. What a man does by his

agent, he does by himself; and had this question been reserved, there can be no doubt that the judgment must have been reversed. But it does not appear from the record, that any such evidence was offered—or if offered, and rejected, that the point was reserved for the consideration of this court.

The single point presented by the record, is the sufficiency of the first count of the indictment, and there being no error in the judgment of the court on the demurrer to that count, it must therefore be affirmed.